**Rodney WELLS, Appellant**

v.

**Roger KING, Assistant District Attorney of the County of Philadelphia, et al.**

No. 09–1842.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 July 23, 2009.

Opinion filed: Aug. 5, 2009.

Rodney Wells, Dallas, PA, pro se.

Anne Palmer, Esq., Philadelphia, PA, for Roger King, Assistant District Attorney of the County of Philadelphia, et al.

Before: BARRY, AMBRO and SMITH, Circuit Judges.

OPINION

PER CURIAM.

Rodney Wells appeals from an order of the United States District Court for the Eastern District of Pennsylvania, denying his motion and supplemental motion filed pursuant to *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944).[1] Because the appeal presents no substantial question, we will summarily affirm the District Court's judgment. Third Circuit LAR 27.4.[2]

---

1. The Supreme Court has held that "the inherent power [of a federal court] allows [it] to vacate its own judgment upon proof that a fraud has been perpetrated upon the court." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (citing *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944)). Thus, a motion alleging fraud on the court is sometimes called a *"Hazel–Atlas"* motion.

2. The District Court Order and Memorandum Opinion also denied three other motions, two of which the Court found were moot, and one of which the Court found it lacked jurisdiction to address, as the matter addressed in that motion was related to another of Wells' cases that was pending in this Court on appeal. Wells has not contested the denial of these three motions.

Wells was sentenced on September 3, 1986 to life imprisonment for murder and five to ten years imprisonment for possession of an instrument of crime and conspiracy.[3] More than twenty years later, after several unsuccessful attempts to challenge this conviction, Wells filed his *Hazel–Atlas* motion, and a supplement thereto, in the District Court. Wells argued that the District Court should "nullify his conviction and sentence that was procured via 'intentional fraud upon the Court' via [the state prosecutor]". *Hazel–Atlas* motion at 4.[4] The District Court was persuaded by several federal court opinions that it lacked authority to review the issue of fraud on a state court under *Hazel–Atlas*. The Court also held that even if it were to reach the merits of Wells' motion, it would find that he had "failed to satisfy the rigorous standard established for independent actions alleging fraud upon the court." Dist. Ct. Op. at 9. Wells filed a "Petition for Permission to Appeal," which was construed as a timely notice of appeal.

On appeal, Wells argues that the District Court's holding that it could not grant equitable relief under *Hazel–Atlas* in a matter arising from a state criminal trial is inconsistent with the rights he is guaranteed under the Sixth and Fourteenth amendments. However, Wells does not recognize that federal courts are courts of limited jurisdiction which possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Federal courts are to presume that a cause lies outside of their jurisdiction, and it is the burden of the party asserting jurisdiction

to prove otherwise. *Id.* Although the Supreme Court has held in *Hazel–Atlas* and *Chambers* that a federal court has the *inherent* power to vacate *its own* judgments when they have been procured by fraud, those cases were both civil cases. Wells has not pointed to any authority holding that a federal court has *inherent* power to overturn a state criminal conviction on the basis of fraud.

In fact, we recently held that a federal court does not have inherent power to vacate a *federal* criminal conviction procured by fraud. *See United States v. Washington,* 549 F.3d 905, 917 (3d Cir. 2008). We found there was an "absence of authority suggesting a longstanding inherent power of a district court to vacate a criminal sentence based on fraud" and that any such inherent power was abrogated by Congress pursuant to 18 U.S.C. § 3582(c) and Federal Rule of Criminal Procedure 35(a), which provide limited circumstances in which a district court may correct a federal criminal sentence. *Washington,* 549 F.3d at 914, 916–17. We are similarly unaware of any power that a federal court has to overturn a *state* criminal conviction obtained by fraud, outside of power authorized by statute; *i.e.* through a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[5] Accordingly, we will affirm the judgment of the District Court.

---

3. The parties are already familiar with the facts of this case. Therefore, we limit our discussion to those facts essential to our decision.

4. Wells argued that the Assistant District Attorney who prosecuted him did not disclose

that a key witness had an immunity agreement with the Commonwealth.

5. *Cf. Gonzalez v. Secretary for Dept. of Corrections,* 366 F.3d 1253, 1284–85 (11th Cir.2004) (Rule 60(b) relief will not be granted to re-

open final judgment denying federal habeas relief where alleged fraud was perpetrated on state court rather than federal court). A movant's allegation that fraud on the state court violated his federal constitutional rights is simply a new federal constitutional claim subject to the successive petition rules of 28 U.S.C. § 2244(b)(2).